## IN THE UNITED STATES DISTRIT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

KEVIN A. REYNOLDS, #178452                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 1:16-cv-285-HSO-JCG

ANTHONY BEASLEY                                              DEFENDANTS

### ANSWER AND DEFENSES

Defendant Anthony Beasley, by and through counsel, submits his Answer and Defenses to the Plaintiff's Complaint, and would show unto the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Defendant responds to the allegations of the Plaintiffs' Complaint as follows:

*JURISDICTION AND VENUE*

Admitted.

*PLAINTIFF*

Admitted.

*DEFENDANT*

It is admitted that Defendant Beasley is employed by the Mississippi Department of Corrections ("MDOC") at the South Mississippi Correctional Institution ("SMCI"). Any

allegations set forth in the paragraph of Plaintiff's Complaint titled "Defendant" which are not specifically admitted herein are denied.

### *FACTS*

The allegations set forth in the paragraph of Plaintiff's Complaint titled "Facts" are denied.

### *EXHAUSTION OF LEGAL REMEDY*

It is admitted that Plaintiff exhausted his available administrative remedies prior to filing this lawsuit. Any allegations set forth in the paragraph of Plaintiff's Complaint titled "Exhaustion of Legal Remedy" which are not specifically admitted herein are denied.

### *LEGAL CLAIMS*

The allegations set forth in the paragraph of Plaintiff's Complaint titled "Legal Claims" are denied.

### *AD DAMNUM CLAUSE*

The allegations set forth in the paragraph of Plaintiff's Complaint which begins with the words "WHEREFORE, Plaintiff respectfully request" are denied, and it is denied that Plaintiff is entitled to any relief whatsoever.

### SECOND DEFENSE

Defendant's actions at all times were in compliance with and in furtherance of compelling state interests, proper correctional procedures and done in good faith.

## THIRD DEFENSE

Defendant reserves the right to seek leave to amend his Answer and Defenses to add additional defenses that may be warranted by the facts as they become known.

## FOURTH DEFENSE

Defendant is entitled to and hereby affirmatively pleads his immunity from suit, including but not limited to immunity recognized by the Eleventh Amendment.

## FIFTH DEFENSE

Defendant is entitled to and hereby affirmatively pleads his federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

## SIXTH DEFENSE

Defendant is entitled to and hereby affirmatively pleads his state law qualified immunity defenses to suit and liability in this cause, including relief from discovery procedures.

## SEVENTH DEFENSE

Defendant is entitled to and hereby affirmatively pleads his sovereign immunity defenses to suit and liability in this cause pursuant to and inclusive of the provisions of Miss. Code Ann. § 11-46-1, et seq., as annotated and amended.

## EIGHTH DEFENSE

Defendant specifically denies that he has willfully violated any law in any manner or respect whatsoever and denies that he is liable to Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

## NINTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), Defendant denies all allegations asserted by Plaintiff against him as set forth in the Complaint, except to the extent specifically admitted herein, and demands strict proof thereof.

## TENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution due to the fact that the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## ELEVENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWELFTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

### THIRTEENTH DEFENSE

Defendant cannot be held vicariously liable in this action. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691–95, 98 S. Ct. 2018, 2036–38, 56 L. Ed .2d 611 (1978).

### FOURTEENTH DEFENSE

Plaintiff failed to fully exhaust his available administrative remedies as to the claims presented in this action, and this action should therefore be dismissed.

### FIFTEENTH DEFENSE

Defendant also asserts, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, and waiver.

**NOW**, having fully answered the allegations of Plaintiff's Complaint, and having set forth his defenses thereto, Defendant denies that the Plaintiff is entitled to any against him in any form or amount, whatsoever, and hereby moves the Court for Entry of an order and final judgment dismissing this cause of action with prejudice, with all costs assessed to the Plaintiff. Finally, Defendant moves for general and such other relief as the Court deems appropriate herein.

Respectfully submitted, this the 15th day of November, 2016.

**ANTHONY BEASLEY, DEFENDANT**

**JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI**

**BY: BENNY M. MAY**

*/s/ Benny M. May*

Benny M. May (MSB #100108)
Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601)359-3522
Facsimile:  (601) 359-2003
E-mail: *bemay@ago.state.ms.us*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system and that I have caused to be mailed, via U.S. Postal Service, postage prepaid, a true and correct copy of the foregoing document in the above-styled and numbered cause to the following, non-ECF participant:

Kevin A. Reynolds, #178452
South Mississippi Correctional Institution
P.O. Box 1419
Leakesville, MS 39451

This, 15th day of November, 2016.

*/s/ Benny M. May*